# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| RODNEY LEKANOF,<br><br>        Plaintiff,<br><br>  v.<br><br>ST. GEORGE TANAQ CORPORATION,<br><br>        Defendant. | Case No. 3:15-cv-00103-RRB<br><br>**<u>ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AT DOCKET 14</u>** |

      Plaintiff, Rodney Lekanof, has filed suit against Defendant, St. George Tanaq, (SGT), his former employer, seeking the recovery of separation pay. It is undisputed that Plaintiff worked in the maintenance department for SGT on St. George Island, Alaska, for well over twenty years and that his employment with SGT was terminated in July of 2014. The question raised by way of Defendant's Motion for Summary Judgment at Docket 14 is whether or not Plaintiff is entitled, under the undisputed facts of this case, to severance pay. Plaintiff contends that he is in his Opposition filed at Docket 20. Defendant contends that he is not in his Reply at Docket 27.

      After throughly reviewing all of the relevant papers, the Court concludes that an evidentiary hearing is not necessary in this matter and therefore vacates the evidentiary hearing set for April 14, 2016.

ORDER GRANTING MOTION FOR
  SUMMARY JUDGMENT - 1
3:15-cv-00103-RRB

# BACKGROUND

Defendant St. George Tanaq Corporation is a Village Corporation formed pursuant to the Alaska Native Claims Settlement Act, which serves around 150 residents on the island of St. George, the southernmost of five islands on the Pribilofs.[1] Plaintiff Rodney Lekanof began employment in Defendant's maintenance department on February 6, 1991.[2] As of August 1997, Defendant created a written policy providing separation pay for qualifying employees which was included in the Defendant's personnel manual up through 2013 ("the 2013 Manual").[3] Specifically, the policy provision read as follows:

> An employee having five (5) years of service with [Defendant] is eligible to receive separation pay in the form of one (1) month salary for every two (2) years of pro rata service for a maximum of twelve (12) months pay, based on his or her last salary amount. . . . An employee terminated for cause may not be eligible to receive separation pay.[4]

The 2013 Manual was replaced by an amended manual effective as of April 28, 2014 ("the 2014 Manual"). This new manual superseded all previous employee manuals and memos that may have been issued from time to time on subjects covered by the 2014 Manual. Moreover, the 2014 Manual stated that "[e]mployees have no entitlement to any benefits, compensation, or other terms and conditions offered under any prior Manual" or in other words "no employee is 'grandfathered' under any prior policy or Manual" issued

---

[1] Docket 14 at 2.
[2] *Id.*; Docket 20 at 4.
[3] *Id.* at 3.
[4] Docket 14, Exhibit A at 9.

by Defendant.[5] This new manual was distributed to all employees, either physically in the Anchorage office or faxed to them on the island.

About the same time as the 2014 Manual was implemented, Defendant had concerns and complaints about Plaintiff's work performance. As a result Plaintiff's employment was terminated as of July 2, 2014.[6] Notice of his termination was sent to Plaintiff by certified mail, but there is no indication whether Plaintiff received it.[7] On July 18, 2015, Plaintiff tendered his resignation to Defendant.

Plaintiff filed the present suit on June 24, 2015, alleging that he is entitled to the separation pay discussed in the 2013 Manual. Plaintiff does not assert that his termination for cause was wrongful or without proper justification. He seeks the payment of $50,080 based solely on his alleged entitlement to separation pay.

## STANDARD OF REVIEW

Summary judgment avoids unnecessary trials when there is no dispute as to the facts in the matter before the court.[8] The evidence of the nonmoving party is to be believed and all reasonable inferences are drawn in his favor.[9] Summary judgment is

---

[5] Docket 14, Exhibit B at 5.

[6] Docket 14, Exhibit C.

[7] Docket 20 at 12.

[8] Northwest Motorcycle Ass'n v. U.S. Dep't of Agric., 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted).

[9] *Tolan v. Cotton*, 134 S. Ct. 1861, 1866 (2014) (per curiam) (*citing Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)).

appropriate where "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law."[10] The opposing party must produce sufficient evidence to demonstrate that a triable issue of fact exists.[11] However, once the moving party has met the initial responsibility, the opposing party cannot then meet its burden to show genuine disputed facts simply by offering conclusory statements unsupported by factual data.[12]

## DISCUSSION

Defendant argues that the 2013 Manual provision for separation pay was no longer in effect at the conclusion of Plaintiff's employment with Defendant. Defendant also asserts that even if the 2013 Manual provision were in effect at the time of Plaintiff's separation, he was terminated for cause and is therefore ineligible for the separation pay benefit. Plaintiff counters by arguing that the abolishment of the separation pay benefit in the 2014 personnel manual was prohibited by ERISA, that Plaintiff's separation was the result of resignation rather than termination for cause, and that the separation pay provision was a vested pension benefit.

---

[10] *Id*. (*quoting* Fed. R. Civ. P. 56(a)).

[11] *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 50 (1986). Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989).

[12] *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989).

As termination for cause would seemingly disqualify Plaintiff from separation pay regardless of which personnel manual controls, the Court begins its analysis with this issue.

**A. Plaintiff's Termination**

Defendant, supported by affidavit and copy of Plaintiff's termination letter dated July 2, 2014, asserts that Plaintiff was in fact terminated for cause and is ineligible for separation pay under either personnel manual. Plaintiff argues that Defendant has failed to sufficiently demonstrate that Plaintiff received the notice of termination, failed to demonstrate Plaintiff had constructive notice of his termination, and that the manner of his separation is subject to genuine dispute between the parties.

The Court recognizes that whether or not Plaintiff had notice of the termination, or whether the letter was sent promptly on July 2, is subject to dispute between the parties. However, Plaintiff has not disputed the Affidavit of Nathan McCowan at Docket 14-1 that Defendant made the administrative decision to terminate on July 2, 2014, or that there was cause to do so. Nor does Plaintiff argue that he was unaware of his impending termination. And Plaintiff raises no facts to suggest that he continued to work after July 2, 2014.

An individual does not simply remain employed, after having been terminated from employment, until he receives formal notice of his termination. This would create an

absurd result where disgruntled or problematic employees could assert continued employment and any attending benefits simply by avoiding their employers or not accepting their mail. Plaintiff's notice of termination and the details of transmittal are not critical to a determination as to whether or not he was terminated for cause. Because there is no dispute between the parties that Defendant made the official decision to terminate Plaintiff's employment for the reasons set forth in the July 2 letter, Plaintiff was terminated for cause and therefore ineligible for separation pay as outlined in the 2013 Manual.

### B. Separation Pay Benefit is Not Vested

The Court recognizes that even though Plaintiff was terminated for cause, if the separation pay benefit was a vested, pension plan benefit under ERISA then Plaintiff could still assert a demand for its payment. ERISA generally regulates all "employee benefit plans" and subdivides them into two loose classes: "welfare benefits" and "pension benefits."[13] A pension benefit plan is subject to statutory vesting and accrual requirements under ERISA.[14]

The 2013 Manual states that after five years an employee "is eligible to receive separation pay." This phrasing is decidedly different from a guarantee or unconditional assurance that would signal a vested benefit. More telling is the fact that termination for

---

[13] 29 U.S.C. § 1002(3).
[14] 29 U.S.C. § 1051; *see also* 29 C.F.R. § 2510.3-2(a).

cause can make an employee ineligible to receive the severance pay benefit under the provision. As this Circuit has held, "a right is vested when the employee holding the right is entitled to claim immediate payment."[15] Plaintiff enjoyed no entitlement to make immediate demand of payment that would indicate a vested right to separation pay. Moreover, the Supreme Court has also indicated that "plans to pay employees severance benefits, which are payable only upon termination of employment, are employee welfare benefit plans within the meaning of the [ERISA]."[16]

Accordingly, the Court finds that the severance policy as outlined in the 2013 personnel manual was a welfare benefit plan and not a pension plan. Plaintiff has not asserted, nor does this Court find, that an employee welfare benefit plan is subject to mandatory vesting requirements under ERISA. Therefore, Plaintiff is not entitled to separation pay as a vested benefit.

### C. 2014 Amended Personnel Manual

Defendant argues that the 2014 Manual was appropriate and authorized in its abolishment of the separation pay benefit to employees. Plaintiff maintains that ERISA prohibits the alteration of the 2013 Manual, as conducted by Defendant, and that he is still entitled to the benefit as outlined in the 2013 Manual. The Court has already found that

---

[15] *Modzelewski v. Resolution Trust Corp.*, 14 F.3d 1374, 1378 (9th Cir. 1994).

[16] *Massachusetts v. Morash*, 490 U.S. 107, 116, 109 S. Ct. 1668, 1673, 104 L. Ed. 2d 98 (1989); *see also Golden Gate Rest. Ass'n v. City & Cty. of San Francisco*, 546 F.3d 639 (9th Cir. 2008).

Plaintiff's termination was for cause and that the benefit was an unvested welfare benefit. Any finding as to the primacy of the one personnel manual over another is irrelevant at this juncture as under either version of the manual Plaintiff is ineligible to receive the severance payments. Accordingly, the Court declines to reach this issue.

## CONCLUSION

For the reasons set forth above, the Court hereby **GRANTS** Defendant's Motion for Summary Judgment at **Docket 14.** Oral argument scheduled for April 14, 2016, is hereby **VACATED.**

**IT IS SO ORDERED** this 11th day of April, 2016.

S/RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE